| 64 | 191 |
|----|-----|
| o68 | 193 |
| d68 | 531 |

| 64 | 191 |
|----|-----|
| c69 | 606 |

ALEXANDER CHRISTIE ET AL. v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE, AND PATRICK FLANIGAN, PRESIDENT OF THE COUNCIL.

Submitted July 14, 1899—Decided November 13, 1899.

1. The act of March 15th, 1892 (*Gen. Stat.,* p. 500), the operation of which is expressly limited to cities of the second class which adopt its provisions at the municipal election held next after its passage, is special and therefore unconstitutional.
2. *Certiorari* is the appropriate method of testing the legality of a municipal ordinance providing for the payment of an official salary, even though the denial of its legality is based upon the unconstitutionality of the statute purporting to create the office.

On *certiorari.*

Before Justices DIXON and COLLINS.

For the prosecutors, *Van Buskirk & Parker.*

For the defendants, *James Benny.*

The opinion of the court was delivered by ˙

DIXON, J.    An act of the legislature approved March 15th, 1892 (*Gen. Stat.*, *p.* 500), declares that in any city of the second class which, at the municipal election held next after the passage of the act, adopts its provisions, there shall be elected a president of the city council, who shall receive an annual salary equal to one-half the salary of the mayor of the city.    At the then next municipal election Bayonne, a city of the second class, adopted the provisions of the act.

By a statute approved March 14th, 1899 (*Pamph. L.*, *p.* 39), cities of the second class adopting its provisions were empowered to fix the salary of the mayor at not more than $2,500 *per annum,* and in pursuance of this act the salary of the mayor of Bayonne was fixed at the maximum. amount.

Thereupon, on May 17th, 1899, the council passed an ordinance providing for the payment to its president of an annual salary of $1,250.    This ordinance is now before us for consideration, the city and the president of the council having been brought in for its defence.

It is settled by the decision of the Court of Errors, in *DeHart* v. *Atlantic City,* 34 *Vroom* 223, that such a limitation as is expressed in said act of 1892, by which its operation is confined to cities adopting its provisions at the municipal election held next after its passage, will render the act special, and therefore, if it attempts to regulate the internal affairs of cities, unconstitutional.

Hence, the act of 1892 affords no legal support for this ordinance ; none other is suggested.

It is urged in the brief of counsel for the defendants that this proceeding is an attack upon the office of president of the council, and therefore should be instituted by *quo warranto.* But evidently it is not ; its legal design is solely to test the lawfulness of a municipal ordinance providing for the payment of an official salary, and the legal effect of our judgment is merely to overturn that ordinance.    For this purpose, *certiorari* is the appropriate remedy.

The ordinance must be set aside, with costs.